UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | |
|---|---|
| In Re: )<br>LEE MICHAEL FACKLIS, )<br>)<br>)<br>)<br>)<br>Debtor(s) ) | BK No.:   11-00136<br><br>Chapter: 7<br>Honorable Pamela S. Hollis |

## ORDER AUTHORIZING (I) THE SALE OF ASSETS OF
## THE ESTATE PURSUANT TO §363 (B), AND (II) OTHER RELIEF

Upon the motion (the "Motion") of Gus A. Paloian, not personally or individually, but solely as Chapter 7 trustee ("Trustee"), for the bankruptcy estate (the "Estate") of Lee Michael Facklis ("Debtor") for entry of an order ("Order") pursuant to sections 105 and 363 of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing: (I) the sale ("Sale") to Barbara Dallia ("Buyer") of that certain property of the Estate (the "Purchased Property") set forth in section 4 of that certain Sale Agreement (the "Sale Agreement"), attached as Exhibit A to the Motion, by and between Trustee and Buyer and (II) other relief; the Trustee having determined that the Buyer submitted the highest and best offer for the Purchased Property after sufficient marketing with a commercial real estate broker; and a final hearing on the Motion having been held on January 28, 2014 (the "Sale Hearing"); and all interested parties having been afforded an opportunity to be heard with respect to the Motion; and the Court having reviewed and considered:  (i) the Motion; (ii) any objections thereto; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Estate, its creditors, and other parties in interest; and upon the record of the Sale Hearing, and after due deliberation thereon; and good cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:

A. Jurisdiction and Venue.  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. Statutory Predicates.  The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 2002 and 6004.

C. Notice.  The notice of the Motion and the Sale Hearing are timely, adequate, and sufficient in accordance with Bankruptcy Code sections 102(1) and 363 and Bankruptcy Rules 2002 and 6004, other provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules of the Bankruptcy Court, orders of the Bankruptcy Court, other applicable law, and due process.  Such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion or the Sale Hearing is or shall be required.

D. Sale in Best Interests of the Estate.  Approval of the Sale Agreement and consummation of the Sale at this time are in the best interests of the Estate, its creditors, and other parties in interest.

E. Business Justification.  The Trustee has demonstrated good, sufficient, and sound business purpose and justification for the Sale pursuant to Bankruptcy Code section 363 and the sale is an appropriate exercise of the Trustee's fiduciary duties.

F. Good Faith Buyer.  The Buyer is a good faith Buyer under 11 U.S.C. § 363(m) and, as such, the Buyer is entitled to all of the protections afforded thereby.  The Buyer will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Sale Agreement and at all times after the entry of this Sale Order.  The Buyer has not engaged in collusive bidding or otherwise violated the provisions of § 363(n) of the Bankruptcy Code.

G. Opportunity to Object.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including:  (i) the Office of the United States Trustee; (ii) creditors of the Estate; (iii) Buyer; and (iv) parties requesting notice in this bankruptcy case.

H. Consideration.  The Trustee conducted a sale process in accordance with, and has otherwise complied in all respects with, applicable bankruptcy law.  The consideration provided by the Buyer for the Purchased Property of $100,000 (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Property, (iii) will provide a greater recovery for the Estate's creditors and other interested parties than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

I. Legal, Valid Transfer.  The transfer of the Purchased Property to Buyer will be a legal, valid, and effective transfer of the Purchased Property, and will vest Buyer with all right, title, and interest in the Purchased Property.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. General Provisions.  The Motion is granted, as further described herein.

2. Objections Overruled.  All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3. Authority to Consummate Sale.  Pursuant to Bankruptcy Code sections 105 and 363, the Trustee is hereby authorized: (i) to take all steps necessary to consummate the sale of the Purchased Property, pursuant to and in accordance with the terms and conditions of the Sale Agreement.

4. The Trustee is authorized to execute and deliver, and are empowered to perform under, consummate and implement, the Sale Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement, and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer or reducing to possession, the Purchased Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Agreement.

5. Additional Provisions.  The Purchase Price provided by the Buyer for the Purchased Property under the Sale Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

6. Each and every federal, state, and local governmental agency or department is hereby directed

to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement.

7. The terms and provisions of the Sale Agreement and this Order shall be binding in all respects upon the Estate and its creditors, the Buyer, and her successors and assigns, and any affected third parties.

8. The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

9. The Sale Agreement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Estate.

10. Notwithstanding Bankruptcy Rules 6004(h), 7062, or 9014, or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this Order.

11. This Court retains jurisdiction to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: (a) resolve any disputes arising under or related to the Sale Agreement, except as otherwise provided therein; and (b) interpret, implement, and enforce the provisions of this Order, including the provisions regarding turnover of Purchased Property to the Buyer.

Enter:

Honorable Pamela S. Hollis
United States Bankruptcy Judge

Dated: February 11, 2014

**Prepared by:**

James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000
jsowka@seyfarth.com