UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 11-00136 |
| | ) | Chapter 7 |
| LEE MICHAEL FACKLIS, | ) | |
| | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | |
| | ) | Hearing Date: September 24, 2015 |
| | ) | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant: GUS A. PALOIAN, Chapter 7 Trustee

Period for Which
Compensation is Sought: July 1, 2013 through the close of the case

Amount of Fees Sought: $8,250.03

Amount of Expense
Reimbursement Sought: $ 0.00

This is an:   Interim Application _____   Final Application: __X__

This is the First and Final Fee Application in the case.

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:

Date: August 19, 2015      By: /s/ Gus A. Paloian
                                Applicant: GUS A. PALOIAN, Chapter 7 Trustee

20292568v.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 11-00136 |
| | ) Chapter 7 |
| LEE MICHAEL FACKLIS, | ) |
| | ) Hon. Pamela S. Hollis |
| Debtor. | ) |
| | ) Hearing Date: September 24, 2015 |
| | ) Hearing Time: 10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND**
**PAYMENT OF COMPENSATION TO CHAPTER 7 TRUSTEE**

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $8,250.03 in final compensation (the "Fees") for services rendered in the above-captioned case from July 1, 2013, through the closing of the case (the "Application Period"). In support of this Application, the Trustee respectfully states as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e).

## II. BACKGROUND

### A. Procedural Background

2. On January 4, 2011, the above-captioned Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Case").

3. On February 4, 2011, the Debtor filed his schedules of assets and liabilities (collectively and as amended, the "Schedules") and his Statement of Financial Affairs ("SOFA"). See Dkt. Nos. 18, 19. Thereafter, the Debtor filed certain amended Schedules. See Dkt. No. 174.

4. On July 9, 2013, this Court entered an Order converting the case to Chapter 7. See Dkt. No. 189.

5. The U.S. Trustee appointed Gus A. Paloian as the Chapter 7 Trustee, pursuant to Letter of Appointment entered with the Court on July 10, 2013. See Dkt. 190.

6. The U.S. Trustee set the Bankruptcy Code section 341 meeting of creditors ("Meeting of Creditors") for August 14, 2013. The Trustee continued the Meeting of Creditors in September, October and November, 2013 in order to investigate potential assets to be administered.

7. On January 13, 2014, the Trustee filed an Initial Report of Assets.

### B. Overview of Asset Recoveries for the Estate

#### Sale of Personal Property

8. The Trustee liquidated the Debtor's assets via the sale of real estate and other personal property (the "Property"). As a result of the sale of the Property, the Trustee recovered gross proceeds of $100,000.50.

### C. Services Rendered by the Trustee to the Estate

9. During the Application Period, the Trustee performed 34.40 hours of actual and necessary services on behalf of the Estate, worth a total value of $11,809.00. An itemized statement describing the services rendered is attached hereto as **Exhibit 1.**

10. The services included, but were not limited to, the following:

    A. Analyzing the Debtor's Schedules and SOFA, conducting a Section 341 examination of the Debtor and conducting an investigation of the Debtor's assets and financial affairs;

    B. Coordinating the sale of the Debtor's real estate and other personal property;

    C. Reviewing schedules, bank ledgers and claims in preparation of the final report;

    D. Communicating with tax accountant with respect to determining the Estate's tax obligations, if any; and

    E. Maintaining the Estate's bank accounts and performing bank reconciliations.

### III. RELIEF REQUESTED

11. The Trustee respectfully requests that the Court allow and award him, on a final basis, the Fees and authorize him to pay the Fees out of Estate funds, for services rendered in the Case. A draft order granting such relief is attached hereto for the Court's consideration.

### IV. BASIS FOR REQUESTED RELIEF

#### A. Applicable Standards for Trustee Compensation

12. Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining the amount of compensation to be awarded to a trustee. See Staiano v. Cain (In re

Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

13. Section 326(a) of the Bankruptcy Code limits the maximum amount of compensation that may be awarded to a trustee. See id.; In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estate by the trustee's services." Churchfield Mgmt. & Inv. Corp., supra. In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

14. The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit. See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

15. In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

16. "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]" In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

17. The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

### B. Application of the Cited Standards to the Requested Relief

18. This Application is the Trustee's first and final application for compensation in the Case.

19. The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $8,250.03.

20. As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case and that the monies awarded and paid to Trustee be deemed final.

### V. TRUSTEE'S FINAL REQUEST FOR COMPENSATION

21. The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | |
|---|---|
| 25% of the first $5,000.00 disbursed | = $1,250.00 |
| 10% of the next $45,000.00 disbursed | = $4,500.00 |
| 5% of the next $50,000.50 disbursed | = $2,500.03 |
| 3% of $0.00 | = $0.00 |
| **MAXIMUM COMPENSATION ALLOWABLE** | = $8,250.03 |
| **COMPENSATION REQUESTED** | = **$8,250.03** |

22. As of the date of the Application, the Trustee collected $100,000.50 for the benefit of the Estate and disbursed $11.07. There will not be a surplus of funds turned over to the Debtor in this case.

23. The Trustee requests allowance of final compensation in this case in the amount of $8,250.03. The amount requested is equal to the maximum compensation allowable as set forth above. The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

24. The Trustee will distribute the remaining estate funds as set forth in the Final Report.

### VI. NO PRIOR REQUEST

25. No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtor's Estate, respectfully requests that the Court enter an Order:

    A. Allowing and awarding compensation to Trustee in the amount of $8,250.03 on a final basis;

    B. Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

    C. Granting such other and further relief as the Court deems just and proper.

Dated: August __, 2015

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Gus A. Paloian

20292568v.2

Gus A. Paloian (06188186)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000
gpaloian@seyfarth.com

20292568v.2

# EXHIBIT 1

20292568v.2

## TRUSTEE

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 07/12/13 | Investigate Lee Michael Facklis bankruptcy case status and assets (.80); telephone conference with A. Maxwell regarding case background and issues (.50). | G. Paloian | 1.30 | 812.50 |
| 07/15/13 | Investigate case status and estate asset values. | G. Paloian | 0.70 | 437.50 |
| 07/25/13 | Telephone conference with E. Parker regarding asset identification and evaluation. | G. Paloian | 0.70 | 437.50 |
| 07/26/13 | Telephone conference with Lee Facklis regarding asset identification and evaluation. | G. Paloian | 0.60 | 375.00 |
| 08/06/13 | Review order of conversion (.20); communicate with A. Maxwell regarding final DIP reports (.10). | G. Paloian | 0.30 | 187.50 |
| 08/13/13 | Telephone conference with E. Parker regarding financial statements. | G. Paloian | 0.20 | 125.00 |
| 08/15/13 | Prepare for and appear at post-conversion status. | G. Paloian | 0.70 | 437.50 |
| 12/30/13 | Download scheduled assets into TES. | J. McManus | 0.70 | 189.00 |
| 01/02/14 | Download scheduled assets/claims into TES. | J. McManus | 0.60 | 171.00 |
| 01/07/14 | Conclude scheduled assets and claims download into TES. | J. McManus | 0.80 | 228.00 |
| 01/13/14 | Prepare case status report (.20); request claims bar date (.10). | J. McManus | 0.30 | 85.50 |
| 02/13/14 | Update TES assets. | J. McManus | 0.60 | 171.00 |
| 03/10/14 | Attend to Estate banking matters. | G. Paloian | 0.20 | 130.00 |
| 03/11/14 | Log checks from Barbara Dallia into TES. | J. Ziegler | 0.30 | 30.00 |
| 03/13/14 | Consult with J. McManus regarding entering asset transaction codes into TES (.30); download schedules from PACER (.10); enter asset transaction codes into TES (.60). | J. Ziegler | 1.00 | 100.00 |
| 03/24/14 | Reconcile assets ledger in TES. | J. McManus | 0.30 | 85.50 |
| 03/26/14 | Import additional claims. | J. McManus | 0.30 | 85.50 |
| 03/27/14 | Prepare case status report. | J. McManus | 0.40 | 114.00 |
| 04/01/14 | Reconcile assets in TES (.30); reconcile claims in TES (.20). | J. McManus | 0.50 | 142.50 |
| 04/24/14 | Update claims in TES. | J. McManus | 0.30 | 85.50 |
| 04/30/14 | Effect deposit of third installment payment from Barbara Dallia. | J. Ziegler | 0.20 | 20.00 |
| 05/05/14 | Reconcile bank account (.20); update assets in TES (.20). | J. McManus | 0.40 | 114.00 |
| 05/06/14 | Reconcile bank accounts. | J. McManus | 0.20 | 57.00 |

| Date | Description | Timekeeper | Hours | Value |
|------|-------------|------------|-------|-------|
| 05/13/14 | Revise case status report. | J. McManus | 0.20 | 57.00 |
| 05/15/14 | Download assets and claims into TES (.10); consult with TES staff regarding downloading scheduled claims (.10). | J. Ziegler | 0.20 | 20.00 |
| 05/16/14 | Verify accuracy of scheduled claims downloaded into TES (.20); map scheduled claims in TES (.10). | J. Ziegler | 0.30 | 30.00 |
| 05/21/14 | Run/review Forms 1 & 2 regarding Annual Report. | J. McManus | 0.30 | 85.50 |
| 06/10/14 | Prepare Annual Report. | J. McManus | 0.40 | 114.00 |
| 06/11/14 | Deposit settlement funds received from B. Dallia. | J. McManus | 0.20 | 57.00 |
| 07/09/14 | Prepare quarterly case status report. | J. McManus | 0.30 | 85.50 |
| 07/09/14 | Effect deposit of settlement check from Barbara Dallia. | J. Ziegler | 0.20 | 20.00 |
| 07/10/14 | Prepare Annual Report. | J. McManus | 0.40 | 114.00 |
| 07/28/14 | Revise Forms 1 & 2 for Annual Report submission. | J. McManus | 0.40 | 114.00 |
| 07/29/14 | Revise coding in TES for Annual Report submission. | J. McManus | 0.40 | 114.00 |
| 07/30/14 | Revise Annual Report. | J. McManus | 0.60 | 171.00 |
| 07/31/14 | Finalize Form 2 edits for Annual Report submission to UST. | J. McManus | 0.40 | 114.00 |
| 08/01/14 | Cause Forms 1 & 2 to be filed with the Court. | J. McManus | 0.10 | 28.50 |
| 08/06/14 | Reconcile bank account. | J. McManus | 0.30 | 85.50 |
| 08/07/14 | Deposit final settlement payment from B. Dallia. | J. McManus | 0.20 | 57.00 |
| 09/10/14 | Update TES claims ledger in preparation for case closing. | J. McManus | 0.60 | 171.00 |
| 09/10/14 | Map scheduled claims in TES. | J. Ziegler | 0.20 | 20.00 |
| 09/15/14 | Revise TES claims ledger (.40); run/review distribution report (.30). | J. McManus | 0.70 | 199.50 |
| 09/19/14 | Update TES claims ledger for final report (.60); estimate fees for distribution (.10); run revised distribution report (.20). | J. McManus | 0.90 | 256.50 |
| 10/07/14 | Prepare draft final report (.30); investigate estate income tax obligation (.20). | G. Paloian | 0.50 | 325.00 |
| 10/08/14 | Confer with L. West regarding preparation of returns (.10); assemble/forward tax materials for L. West (.30); confer with J. Ziegler regarding 2010 tax returns (.10); confer with G. Paloian regarding Debtor's counsel's fee adjustment (.10); run new distribution for final report (.20). | J. McManus | 0.80 | 228.00 |
| 10/09/14 | Prepare Final Report. | J. McManus | 0.60 | 171.00 |
| 10/10/14 | Prepare draft final report (.20); investigate estate income tax obligation (.20). | G. Paloian | 0.40 | 260.00 |

2

20292516v.1

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 10/10/14 | Email exchanges with L. West regarding final tax returns and assembly of tax materials regarding same (.40); email to Debtor's counsel requesting additional tax documents (.10); run revised distribution (.30); confer with G. Paloian regarding same (.10); forward revised distribution to Debtor's counsel (.10); revise TES claims ledger (.20). | J. McManus | 1.20 | 342.00 |
| 10/16/14 | Follow-up with A. Maxwell and L. West regarding tax return materials (.20); prepare quarterly case status report (.20). | J. McManus | 0.40 | 114.00 |
| 10/22/14 | Email to E. Parker, counsel for Debtor, regarding outstanding tax items needed in order to prepare final returns (.10); email exchanges with G. Paloian and L. West regarding same (.10). | J. McManus | 0.20 | 57.00 |
| 10/23/14 | Email exchanges with E. Parker and L. West regarding tax return items. | J. McManus | 0.20 | 57.00 |
| 10/27/14 | Communications with L. West regarding estate tax return and allocation of sales price to assets sold (.20); review debtor liquidation analysis (.20). | G. Paloian | 0.40 | 260.00 |
| 10/27/14 | Review client documents regarding cost basis information on 2633 Whipple property for L. West (.20); confer with L. West regarding capital gains and tax due regarding same (.10). | J. McManus | 0.30 | 85.50 |
| 10/28/14 | Telephone conference with L. West regarding allocation of purchase price proceeds between business assets and residential real estate. | G. Paloian | 0.30 | 195.00 |
| 10/28/14 | Confer with L. West and G. Paloian regarding final tax returns. | J. McManus | 0.20 | 57.00 |
| 10/29/14 | Follow-up with L. West regarding tax items. | J. McManus | 0.10 | 28.50 |
| 11/04/14 | Review, approve and execute Estate tax returns. | G. Paloian | 0.30 | 195.00 |
| 11/04/14 | Confer with G. Paloian regarding tax returns (.10); forward returns to IRS and IDOR (.10); confer with L. West regarding invoice (.10); revise TES claims ledger (.20). | J. McManus | 0.50 | 142.50 |
| 11/05/14 | Update claims ledger in TES for distribution report (.40); run new draft final report (.40); prepare prompt determination letter to IRS (.30); prepare prompt determination letter to IDOR (.20). | J. McManus | 1.30 | 370.50 |
| 11/18/14 | Revise TES claims ledger (.30); run new distribution report (.30). | J. McManus | 0.60 | 171.00 |
| 11/19/14 | Reconcile bank accounts (.20); reconcile claims ledger (.20). | J. McManus | 0.40 | 114.00 |
| 12/01/14 | Review IRS response to prompt determination request. | G. Paloian | 0.20 | 130.00 |
| 12/02/14 | Prepare 4th quarter case status report. | J. McManus | 0.20 | 57.00 |

3

20292516v.1

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 12/30/14 | Revise TES claims ledger (.20); prepare prompt determination letter to IDOR (.20). | J. McManus | 0.40 | 114.00 |
| 01/09/15 | Prepare case status report. | J. McManus | 0.20 | 60.00 |
| 02/17/15 | Review bank reconiliations (.30); confer with J. Ziegler regarding same (.10). | J. McManus | 0.20 | 60.00 |
| 02/19/15 | Process bond premium payment. | J. McManus | 0.10 | 30.00 |
| 03/04/15 | Reconcile bank accounts (.20); confer with J. Ziegler regarding same (.10). | J. McManus | 0.30 | 90.00 |
| 03/09/15 | Reconcile TES bank account ledgers. | J. McManus | 0.20 | 60.00 |
| 05/05/15 | Prepare/review draft distribution report. | J. McManus | 0.60 | 180.00 |
| 05/07/15 | Prepare quarterly case status report. | J. McManus | 0.20 | 60.00 |
| 05/18/15 | Prepare Final Report. | J. McManus | 0.70 | 210.00 |
| 05/26/15 | Run/review Forms 1, 2 & 3 for annual report. | J. McManus | 0.30 | 90.00 |
| 06/02/15 | Prepare Annual Report. | J. McManus | 0.40 | 120.00 |
| 06/15/15 | Prepare distribution report. | J. McManus | 0.40 | 120.00 |
| 06/17/15 | Prepare distribution report. | J. McManus | 0.70 | 210.00 |
| 06/18/15 | Prepare Final Report. | J. McManus | 0.80 | 240.00 |
| 06/22/15 | Prepare Final Report. | J. McManus | 0.90 | 270.00 |
| | **TOTAL** | | **34.40** | **$11,809.00** |

20292516v.1